**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILSHIRE MANOR APARTMENTS, LLC, a California limited liability company, | No.   17-55216 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04363-R-GJS |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES, 1 through 50, Inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BERZON and N.R. SMITH, Circuit Judges, and NYE,[**] District Judge.

Wilshire Manor Apartments LLC appeals the grant of summary judgment in favor of State Farm General Insurance Company in this insurance coverage action. Wilshire alleged State Farm breached the contract and breached its implied covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

1.      Issues of material fact exist as to whether State Farm paid for all repairs required to put Wilshire Manor Apartments back to its pre-loss condition. Specifically, there are issues of material fact with regard to (1) whether the repairs paid for to date were for temporary repairs only; (2) whether State Farm paid for all of the temporary repairs; and (3) whether additional repairs were required to put both elevators to their pre-loss condition (as outlined in the Lerch Bates report).

The fact that this contract allowed for replacement of damaged property is not relevant to the resolution of this appeal. State Farm elected to repair the damage to the apartment building. It did not elect to pay actual cash value for the loss. *See Fire Ins. Exch. v. Superior Court*, 10 Cal. Rptr. 3d 617, 635 (Cal. Ct. App. 2004). Thus, the discussion surrounding whether the elevators need to be

---

[**]      The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

replaced is only relevant to the extent it raises issues of fact as to whether State Farm repaired them to their pre-loss condition.[1]

The district court's alternative ground for issuing summary judgment also fails. Issues of material fact also exist with regard to whether Wilshire failed to comply with the duties outlined in the Policy. State Farm received the Lerch Bates report before it closed its claim file. To the extent that Wilshire provided evidence of previously unreported damages after the lawsuit was initiated, there are issues of material fact with regard to whether State Farm had notice of these damages from its claim investigation. *See White v. W. Title Ins. Co.*, 710 P.2d 309, 316-17 (Cal. 1985) (rejecting the argument that "all evidence relating to events after plaintiffs filed suit should have been excluded").

2.    California law provides a cause of action for breach of an implied covenant of good faith and fair dealing where benefits owed under an insurance policy were unreasonably withheld. *See Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Cal. Ct. App. 1990) ("[T]here are at least two separate requirements to establish breach

---

[1] State Farms asserts that Wilshire's claims for repair or replacement are excluded because they related to code upgrades required by the Los Angeles Department of Building and Safety. A review of the record establishes that this assertion is not accurate. The Lerch Bates report outlines damages and repairs associated with the fire, which do not rely on any code upgrades. Thus, the issue of whether the elevators and the hoistways must be brought up to code (which is disputed) is not relevant to the summary judgment determination.

of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause.").  Because issues of material fact exist with regard to whether State Farm breached the contract, it follows that issues of material fact also exist with regard to whether State Farm breached its implied covenant of good faith and fair dealing.

3.     Because we remand for further proceedings, we need not determine whether the district court abused its discretion in denying Wilshire's Federal Rule of Civil Procedure 56(d) motion or in denying Wilshire's motions to supplement the record.

**REVERSED and REMANDED.**